# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GEORGE YASSA,** *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | |
| **EM CONSULTING GROUP, INC.,** | * | |
| Defendant | * | |
| * * * * * * | | **CIVIL NO. JKB-17-593** |
| **EM CONSULTING GROUP, INC.,** | * | |
| Counter-Claimant | * | |
| v. | * | |
| **GEORGE YASSA,** | * | |
| Counter-Defendant | * | |

* * * * * * * * * * * *

## MEMORANDUM

Former employees of EM Consulting Group, Inc. ("EM"), trading as Helion Automotive Technologies ("Helion"), brought this collective and class action under the Federal Fair Labor Standards Act of 1938 ("FLSA"), the Maryland Wage and Hour Law, and the Maryland Wage Payment and Collection Law. (Compl. ECF No. 1.) In a combined submission with its Answer, EM filed a Counterclaim against Plaintiff George Yassa ("Yassa"), alleging fraud (Count I) and breach of contract/breach of fiduciary duty (Count II). (Answer/Countercl., ECF No. 5.) Yassa has moved to dismiss the Counterclaim for failure to state a claim on which relief may be granted or, alternatively, moved for summary judgment. (ECF No. 8.) That motion has been fully briefed, and is now ripe. (ECF Nos. 13, 14.) No hearing is necessary. *See* Local Rule

105.6 (D. Md. 2016).  The Court will dismiss the Counterclaim *sua sponte* for the reasons stated below.  Accordingly, Yassa's motion to dismiss and his alternative motion for summary judgment are moot.

## I. BACKGROUND[1]

Helion Automotive Technologies ("Helion")[2] is in the business of providing information technology support to car dealerships.  (Compl. Introduction; Answer Introduction.)  Yassa worked for Helion and held the position of Project Department Manager from April 1, 2016, to September 15, 2016.  (Countercl. ¶ 5.)  The Project Department Manager is tasked with overseeing various projects for Helion's clients, and the position includes the responsibilities of monitoring project milestones and ensuring that project deadlines are met.  (*Id.* ¶¶ 6, 12.)  As part of his job, Yassa participated in weekly meetings with executives to review reports summarizing the progress of ongoing projects.  (*Id.* ¶¶ 10–13.)  These reports were generated through a computer program called "Exepron," which Helion uses to track all its ongoing projects.  (*Id.* ¶¶ 7–10.)

The allegations contained in the Counterclaim arise from projects related to one of Helion's clients, an entity known as "Ciocca."  (*Id.* ¶ 6.)  Helion alleges that in order to conceal the fact that the Ciocca project had fallen behind, Yassa deleted from Exepron various dates representing the actual deadlines related to the Ciocca project and replaced them with later dates. (*Id.* ¶ 15.)  The result of these modifications was that as the Ciocca project fell behind schedule, its lateness was never revealed by the summary reports generated through Exepron.  (*Id.*) Furthermore, Helion alleges that Yassa never called attention to this discrepancy during any of his weekly meetings with company executives, providing the false impression that the Ciocca

---

[1] The Court here summarizes the allegations as presented by EM in the Counterclaim.
[2] The Court will refer to Counter-Claimant by its trade name, "Helion Automotive Technologies," or by the short form, "Helion."

project was on schedule. (*Id.*) Finally, Helion alleges that had Yassa not concealed the project delays from his superiors, Helion could have reallocated its resources in time to have gotten the Ciocca project back on schedule. (*Id.* ¶ 17.) Because that did not happen, the Counterclaim indicates Helion was forced to credit Ciocca's account in the amount of $50,000 in order to retain the valuable client. (*Id.*)

## II. ANALYSIS

Yassa argues that the Counterclaim is deficient in several respects: that Helion insufficiently pled the elements of fraud under the heightened requirements of Rule 9(b) (Yassa's Mem. in Supp. 9–17, ECF No. 8-1), that it failed to allege the existence of a contract with Yassa (*id.* at 17–18), and that it failed to allege the existence or breach of any fiduciary duty by Yassa (*id.* at 18–19). The Court declines to reach any of these arguments. Instead, it will dismiss the permissive counterclaim on account of the general policy disfavoring counterclaims in the FLSA context and because it threatens to overly complicate the litigation.

Rule 13 of the Federal Rules of Civil Procedure divides counterclaims into two categories: compulsory and permissive. Compulsory counterclaims are those that "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim" and that do not require adding any party over which the court lacks jurisdiction. Fed. R. Civ. P. 13(a). All other counterclaims are permissive. Fed. R. Civ. P. 13(b). A party to litigation may assert any permissive counterclaim it wishes to bring (provided the court has subject matter jurisdiction to hear such a claim), but the court retains discretion to refuse to entertain permissive counterclaims that threaten to unduly complicate the litigation. 6 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1420 (3d ed. 2017).

The FLSA is based on a congressional finding that "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers" burden commerce, among other negative social effects. *See* 29 U.S.C. § 202 (2017). The FLSA thus serves to enforce a public—rather than a private—right. *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983). It expresses the legislative desire that the individual worker have the freedom "to allocate his minimum wage among competing economic and personal interests." *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *overruled on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 130 (1988). But the FLSA *does not* designate the federal courts to settle disputes against the employee's wages. *Id.* ("To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act."). It is for this reason that several courts, including this one, "have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused." *Ramirez v. Amazing Home Contractors, Inc.*, Civ. No. JKB-14-2168, 2014 WL 6845555, at *4 (D. Md. Nov. 25, 2014) (quoting *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010)).

In the instant case, Yassa and the other Plaintiffs have filed an action under the FLSA and state law, alleging Helion failed to pay them required overtime wages. (*Compl.* ¶¶ 190–208.) The facts alleged to support such a claim involve the Plaintiffs' job functions, their compensation, the hours they worked, and the amount they were paid. (*See id.* ¶¶ 143–162.) By contrast, the Counterclaim for fraud and breach of contract is based on the details of Yassa's actions with respect to a particular project. (Countercl. ¶ 15.) Because the Counterclaim is not based on the same transaction or occurrence as the Complaint, it is permissive in nature. While

the Court has independent subject matter jurisdiction over the Counterclaim,[3] it is persuaded that the public policy of protecting workers' rights to receive and to direct the allocation of their minimum wages means Counterclaims by employers in FLSA cases should be disfavored. Furthermore, the Court finds that the evidence relevant to resolving the charges in the Counterclaim is unrelated to that which is pertinent to the Complaint. Therefore, entertaining the two causes of action in the same case would unduly complicate the litigation and add little benefit in terms of judicial economy.

Helion may choose to refile its claims against Yassa in a separate action in federal or in state court, but the Court will not entertain them as part of the instant case. For the foregoing reasons, the Court will dismiss the Counterclaim without prejudice to refile in a separate action. Yassa's motion to dismiss for failure to state a claim and his alternative motion for summary judgment are thus moot. A separate order shall issue.

DATED this 8th day of August, 2017.

BY THE COURT:

/s/
James K. Bredar
United States District Judge

---

[3] Because the Court's jurisdiction over the claims in the Complaint is based on the federal question inherent in Count I, the action under the FLSA, any permissive counterclaim needs an independent jurisdictional basis. *See* 6 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1422 (3d ed. 2017). The Court has jurisdiction over the Counterclaim because it alleges facts sufficient to satisfy federal diversity jurisdiction under 28 U.S.C. § 1332 (2017). (*See* Countercl. ¶¶ 1, 2, 26 (alleging that Yassa is a citizen of California, that Helion is a citizen of Maryland, and that the amount in controversy is in excess of $88,000).)